IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PRISCILLA JONES, individually and on behalf of her
minor child, George Brockman,
DAZARREA ERVINS individually and on behalf of her
minor child, Zayvion Ervins, and
DAVID ERVINS, individually and on behalf of his
minor child, Zayvion Ervins.

                  Plaintiffs,

  v.

SUN PRAIRIE AREA SCHOOL DISTRICT,

                  Defendant.

OPINION and ORDER

21-cv-366-jdp

---

Plaintiffs, the parents of African American middle school students George Brockman and Zayvion Ervins, contend that defendant Sun Prairie Area School District violated federal and state law when teachers gave out a racially offensive assignment that asked students how they would punish a slave. Plaintiffs also allege that Brockman was subjected to racial harassment at district elementary schools.

The district moves under Federal Rule of Civil Procedure 21 to sever Brockman's claims. Dkt. 9. The district presents undisputed evidence that Brockman did not receive the assignment. The district contends that this new evidence leaves Brockman with only his racial harassment claims, which are unrelated to the assignment and belong in a separate lawsuit. But Brockman has not abandoned his claims arising from the assignment and it doesn't make sense to try his second set of claims in a separate case. For the reasons explained below, the court will deny the motion.

BACKGROUND

The court draws the following facts from plaintiffs' complaint unless otherwise noted. Dkt. 1. Plaintiffs bring two sets of claims against the district. The first set of claims is on behalf of Brockman and Ervins; it is based on the assignment given at Patrick Marsh Middle School within the district. On February 1, 2020, the first day of Black History Month, sixth graders were studying Ancient Mesopotamia in their social studies classes. Teachers in three classes gave students an assignment about Hammurabi, a Babylonian king who created an early set of laws called Hammurabi's code. The assignment asked students to apply the code to a variety of scenarios. One of the questions asked:

> A slave stands before you. This slave has disrespected his master by telling him "you are not my master!" How will you punish this slave?

The assignment upset students and parents. Later that day, the Patrick Marsh principal had the assignment removed, and he and the district superintendent issued apologies. The teachers who gave the assignment were placed on leave. They ultimately resigned from their jobs. Plaintiffs' complaint states that Ervins and Brockman both received the assignment. But the district adduced a declaration from the superintendent stating that only Ervins was in a class that got the assignment. Dkt. 11. The parties now agree that Brockman didn't receive the assignment. Dkt. 10 and Dkt. 13.

Plaintiffs' second set of claims is on behalf of Brockman alone. Brockman began kindergarten at an elementary school within the district in 2014. From kindergarten until second grade, other students bullied Brockman based on his race and called him racial epithets. Rather than protect him, staff blamed Brockman and defended his bullies. Teachers subjected

Brockman to unfair punishments, including locking him in a classroom alone, grouping him with a student who called him racial epithets, and making him lie face down on the ground.

ANALYSIS

The question before the court is whether both sets of plaintiffs' claims—those based on the assignment and those based on Brockman's racial harassment in elementary school—belong in the same lawsuit. Federal Rule of Civil Procedure 20(a)(1) allows multiple people to join one action as plaintiffs if: (1) they assert any right to relief that arises from the same transaction or occurrence; and (2) the action involves any question of law or fact common to all plaintiffs. Fed. R. Civ. P. 20(a)(1). Rule 21 provides a remedy for when plaintiffs' claims are improperly joined. Under Rule 21, so long as a claim is "discrete and separate," a district court may exercise its discretion and sever it. *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (quoting *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000)). A claim is separate and discreet if it can be resolved despite the outcome of the other claim. *Id.*

The district moves to sever under Rule 21 and makes what I understand to be a two-fold argument. First, because Brockman did not receive the assignment, his claims are limited his racial harassment claims. Second, because Brockman now brings only racial harassment claims, Brockman's and Ervins's claims arise from unrelated events and do not meet the Rule 20 requirements for joinder.

The court is not persuaded that severance is appropriate. The district's first argument is premised on an assumption that plaintiffs are withdrawing Brockman from the assignment-based claims in light of the district's new evidence that Brockman didn't receive the assignment. But plaintiffs have not withdrawn Brockman from the claims based on the assignment, and the

district doesn't move to dismiss him as a plaintiff. To the contrary, plaintiffs say that they still intend to bring assignment-based claims on behalf of Brockman. *See* Dkt. 13, at 2. They say that the assignment negatively affected Brockman even though he didn't directly receive it. It makes sense to keep these claims in the same lawsuit because they arise from the same factual events and will involve the same legal standards. There will be factual variations in how Brockman and Ervins learned about the assignment and felt about it, but those differences are not significant enough to try the claims in separate cases.

The district makes a fair point in its second argument: Brockman's racial harassment claims are unrelated to the assignment. Patrick Marsh teachers gave the assignment in 2020 when Brockman and Ervins were in the sixth grade. Brockman alleges that he was harassed beginning 2014 in kindergarten, at different schools and by different teachers. So the two sets of claim involve different facts and legal standards. But Brockman's claims comply with Federal Rule of Civil Procedure 18, which allows a party to join as many claims as it has against an opposing party, even if those claims are unrelated. It would be more efficient to have Brockman proceed with all of his claims against the district in one case. The motion to sever will be denied.

One additional note: in its reply brief, the district alludes to "significant standing issues" with Brockman's claims arising from the assignment. Dkt. 14, at 4. The district says that if Brockman has standing on these claims, so might hundreds of other students. If the district believes that Brockman lacks standing, it should move to dismiss on those grounds or raise those issues at summary judgment. But those potential standing issues provide no basis to sever Brockman's claims.

ORDER

IT IS ORDERED that defendant's motion to sever, Dkt. 9, is DENIED.

Entered November 17, 2021.

                                BY THE COURT:

                                /s/

                                _____

                                JAMES D. PETERSON
                                District Judge